IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CARLOS ALBERTO TORRES and CYNTHIA IVETTE TORRES, <br><br>     Plaintiffs, <br> v. <br><br> ABDELLAH CHOUCKMANE, FARRUUKH KHAYDARKULOV, and AGERA, LLC, <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )     Case No. 1:24-cv-01029-STA-jay |

### ORDER ON SHOW CAUSE RESPONSE

Before the Court is a Show Cause Response (ECF No. 16) filed by Plaintiffs Carlos Alberto Torres and Cynthia Ivette Torres on March 28, 2024. On March 19, 2024, the Court ordered Plaintiffs to show cause as to why the Court should not dismiss their case for failure to effect service of process on Defendants pursuant to Federal Rule of Civil Procedure 4(m). Plaintiffs respond that they served each Defendant through the Tennessee Secretary of State in June 2023, less than a month after Plaintiffs filed their suit in the Circuit Court for Benton County on May 23, 2023. Plaintiffs have made their original summons and separate affidavits and endorsements (ECF No. 16-1) issued from the Secretary of State's office for each Defendant part of the record. The affidavits show that the Secretary of State received the original and a certified copy of each summons on May 30, 2023; mailed the certified copy of the summons to each Defendant at addresses outside of the state of Tennessee by registered or certified mail on June 2, 2023; and then received notices from the postal service that the Secretary's mail was not delivered. The mail addressed to Agera, LLC at an address in Orlando, Florida was returned "Attempted Not Known,"

1

the mail addressed to Farruukh Khaydarkulov at an address in Myrtle Beach, South Carolina was returned "Not Deliverable as Addressed," and the mail addressed to Abdellah Chouckmane at a different address in Myrtle Beach was returned "Attempted - Not Known." According to the affidavits from the Secretary of State, the Secretary returned copies of an affidavit and endorsement as to each Defendant to the Benton County Circuit Court in June or July 2023. From this record, Plaintiffs assert that each Defendant was served in accordance with Tennessee law as of June 2, 2023.

Tennessee Rule of Civil Procedure 4B allows a party to serve the Secretary of State in lieu of a non-resident defendant. Tenn. R. Civ. P. 4B(1).[1] The Tennessee Court of Appeals has remarked that Rule 4B "in effect, permits service on the secretary of state as the defendant's agent for service of process, whenever it is constitutionally permissible for the courts of the state to exercise personal jurisdiction over the defendant." *Thompson v. Ameriquest Mortg. Co.*, No. W2011–00501–COA–R3–CV, 2011 WL 6016892, at *2 (Tenn. Ct. App. Dec. 5, 2011) (quoting *Tennessee Civil Procedure* § 2–5(b), at 2–64 to –65). Rule 4B outlines the procedural requirements for service in this manner. First, Rule 4B(1) provides that service of process is made "by delivering to the secretary of state the original and one copy of such process . . . duly certified by the clerk of the court in which the suit or action is pending or brought, together with the proper fee" as well as "[a] statement that identifies the grounds for which service on the secretary of state is applicable . . . ." Tenn. R. Civ. P. 4B(1). Rule 4B(2) then requires the Secretary to mail the certified copy of the process to the defendant named in the pleading by means of registered or

---

[1] Federal Rule of Civil Procedure 81(c)(1) specifies that federal procedural requirements apply "to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). Plaintiffs' argument seems to be not that they complied with federal procedural requirements for service of process in June 2023 but that their efforts to serve Defendants through the Secretary of State complied with Tennessee procedural requirements.

certified mail return, receipt requested. At the last step, Rule 4B(7) states that once the Secretary receives either the return receipt or notice that the defendant refused delivery or failed to accept delivery, the Secretary must send the return receipt (or the undelivered mail showing the defendant refused or failed to accept delivery), "the original process . . . and the secretary of state's affidavit setting forth his or her compliance with this Rule" to the clerk of court where the action is pending. Tenn. R. Civ. P. 4B(7). Service on the defendant is complete once the clerk of court files the Secretary's submissions on docket of the case. *Id*. ("[S]ervice on the defendant shall be complete.").

Plaintiffs have not cited Rule 4B. But Plaintiffs' argument appears to be that they served Defendants through the Secretary of State in accordance with the procedure outlined in Rule 4B. Plaintiffs have shown that they did in fact deliver process for each Defendant to the Secretary on June 2, 2023. The record shows the Secretary then mailed certified copies of the process to each Defendant, received notice of the undelivered mail a short time later, and returned the undelivered mail along with the Secretary's affidavit to the Benton County clerk of court. There is no evidence any Defendant actually received the Secretary's certified mailing of process or that any Defendant refused or failed to accept the Secretary's certified mail. The Court reads Rule 4B to permit service on a non-resident defendant when the defendant refuses or fails to accept delivery of the mail. However, Rule 4B(7) is silent about the effect of service on the Secretary of State when the mail is undeliverable for some other reason, as it appears to have been in this case.

The Court finds it unnecessary to decide here whether Plaintiffs perfected service on Defendants through the Secretary of State in June 2023 under Tennessee Rule of Civil Procedure 4B. Plaintiffs have now filed an acknowledgement of service (ECF No. 15) signed by counsel for Defendants. Defendants stated in their Notice of Removal that counsel was authorized to accept

3

service on their behalf and noted that Plaintiffs had not yet served them at the time of the removal. Plaintiffs have now shown that they have served counsel for Defendants. Based on the acknowledgement of service, the Court will not dismiss the case for failure to serve within the time limits set by Federal Rule of Civil Procedure 4(m). The Court's decision, however, is without prejudice to Defendants' right to raise insufficient process or insufficient service of process as affirmative defenses and file a dispositive motion addressed to the issue(s).

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 2, 2024